UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. 3:22-cv-00026-GFVT-EBA ) ) |
| v. | ) **MEMORANDUM OPINION** ) **&** |
| UNITED FINANCIAL CASUALTY COMPANY, | ) **ORDER** ) ) |
| Defendant. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on its own motion. As insurance companies, the parties manage risk. They predict how future and sometimes uncertain events will affect their policies. Here, after a car accident occurred involving an individual covered under a Meridian insurance policy, Meridian brought this action asking the Court to declare who holds the most risk and would have to be the first to pay for claims related to the accident. Yet Courts may determine only cases or controversies. Because Meridian seeks a prediction—potentially applicable if or when a claim relating to the accident is successful—Meridian does not bring a case or controversy before the Court. Accordingly, this action is dismissed without prejudice.

**I**

In September 2020, Wade Schultz was involved in a car accident while driving to pick up a delivery for Uber Eats, a food delivery company and subsidiary of Uber Technologies. *Id.* at 3. The driver of the other vehicle "has asserted a claim" for his injuries, but the claim "is not in-suit." *Id.* Plaintiff Meridian and Defendant United Financial are businesses that sell automobile

insurance coverage. [R. 6 at 1-2.] Meridian provided personal car insurance coverage to Mr. Schultz. *Id.* at 3. United Financial provided two relevant commercial car insurance policies; both policies named Uber Technologies as an additional insured party. *Id.*

Meridian seeks a declaratory judgment in two forms. First, it seeks a declaration that both United Financial insurance policies provide coverage for claims arising from Mr. Schultz's car accident. *Id.* at 7-8. Second, it seeks a declaration that one of the two relevant United Financial insurance policies is primary for all future, payable claims. *Id.* Simply put, Meridian requests the Court to determine that if a party is entitled to compensation relating to the car accident, United Financial must provide coverage before Meridian. *Id.*

**II**

The Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. Article III's case-or-controversy requirement allows federal courts to resolve concrete disputes but prohibits them from passing "judgments on theoretical disputes that may or may not materialize." *Saginaw Cnty. v. STAT Emergency Med. Servs. Inc.*, 946 F.3d 951, 954 (6th Cir. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-03 (1998)). Federal jurisdiction depends on the facts as they existed when the plaintiff filed the complaint. *See Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993). District courts can dismiss an action *sua sponte* at any stage of proceedings if they determine that jurisdiction is lacking. *In re Lewis, Superior Bank, FSB v. Boyd*, 398 F.3d 735, 739 (6th Cir. 2005) ("The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself.").

The Supreme Court has delineated federal courts' jurisdictional limits with a number of justiciability doctrines, including ripeness. *See Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272,

2

279-80 (6th Cir. 1997). A claim is not ripe if it turns on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)); *see Bigelow v. Mich. Dep't of Nat. Res.*, 970 F.2d 154, 157 (6th Cir. 1992). "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for the court's review." *Magaw*, 132 F.3d at 280. The ripeness doctrine exists "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967)). Applying the ripeness doctrine "requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985). Of primary importance is "whether the issues tendered are appropriate for judicial resolution," and, if so, the degree of "hardship to the parties if judicial relief is denied" before the claim is allowed to ripen further. *Young v. Klutznick*, 652 F.2d 617, 625 (6th Cir. 1981) (quoting *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 162 (1967)).

The Declaratory Judgment Act "does not alter these rules or otherwise enable federal courts to deliver 'an expression of opinion.'" *STAT Emergency*, 946 F.3d at 954 (quoting *Muskrat v. United States*, 219 U.S. 346, 362 (1911)). The Act offers only an "alternative remedy—a declaratory judgment—for existing cases or controversies." *Id.* When a party sues for declaratory relief, "he must satisfy the prerequisites of the Declaratory Judgment Act and Article III's standing baseline." *Id.* In particular, he must show "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S.

3

118 (2007)).

Declaratory judgment claims relating to insurance obligations to pay "are frequently brought unripe" because they depend on a "favorable adjudication of underlying tort claims." *Jackson v. City of Cleveland*, 925 F.3d 793, 807 (6th Cir. 2019). Thus, these claims generally "should not be adjudicated on the merits until the underlying claim is adjudicated." *Id.* at 807-08 (citing *Safety Nat'l Cas. Corp. v. Am. Special Risk Ins. Co.*, 99 Fed. App'x 41, 43 (6th Cir. 2004) (finding that a claim of indemnification for fraudulent conveyance was not ripe because, in part, the underlying claim for fraudulent conveyance had not yet been adjudicated)); *see, e.g.*, *Gambrel v. Knox Cnty.*, 25 F.4th 391, 413 (6th Cir. 2022) ("Gambrel's indemnification claim against Knox County has yet to ripen because her tort claims against the Officers remain pending."); *Aspen Specialty Ins. Co. v. Proselect Ins. Co.*, No. 21-11411, 2021 U.S. Dist. LEXIS 240110, at *19 (E.D. Mich. Dec. 15, 2021) (dismissing as unripe a declaratory judgment claim where "[n]either party claims that the underlying tort action has been adjudicated.").

Such is the case here. Meridian brings a declaratory judgment claim to decide whether (1) United Financial's policies provide coverage for the car accident and (2) one of United Financial's policies provides primary coverage for all claims related to the car accident. [R. 6 at 7-8; R. 16-1 at 5-6.] However, Meridian fails to plead that there is any obligation or claim that must be paid. Although Meridian claims that "[t]here is now a dispute between Plaintiff and [United Financial] over which policy is primary," the parties agree that liability in the underlying dispute has not yet been adjudicated. [R. 6 at 3; R. 9-1 at 1 n.1.] In fact, at the time Meridian filed the complaint, no underlying dispute existed. *Id.* ("The claim is not in-suit as of the date of this filing."). Rather, Meridian seeks to adjudicate priority for "all claims related to the underlying incident," if or when they arise. *Id.* It fails to plead any imminently payable claim

4

that a declaratory judgment would resolve. This Court will not entangle itself in such an abstract disagreement. *See Thomas*, 473 U.S. at 580. Therefore, Meridian's declaratory judgment claim is premature because "the injury is speculative and may never occur." *Magaw*, 132 F.3d at 280.

Even if the Declaratory Judgment Act applied to this action and the Court could grant declaratory relief, it would decline to do so. Courts have discretion over whether to exercise jurisdiction under the Act. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *see also Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). In other words, even if the Court found it has jurisdiction over this claim, it is "under no compulsion to exercise that discretion." *Brillhart*, 316 U.S. at 494.

There is a longstanding practice in the Sixth Circuit to decline jurisdiction over "actions seeking an advance opinion on indemnity issues." *Bituminous*, 373 F.3d at 812 (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Such rulings are "seldom helpful in resolving an ongoing action in another court" and "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Id.* With this additional context, it is clear that it would be inappropriate for this Court to grant the requested relief.

Having determined that the Court lacks subject matter jurisdiction, the Court cannot address either Meridian's motion for judgment on the pleadings or United Financial's motion to dismiss. These motions become moot if the Court determines it lacks subject matter jurisdiction. *See, e.g.*, *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)

5

(citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)) (denying motion to dismiss as moot); *Hughes v. UPS Supply Chain Sols., Inc.*, No. 3:07-CV-605-S, 2008 U.S. Dist. LEXIS 61023, at *7 (W.D. Ky. Aug. 7, 2008) (denying motion for judgment on the pleadings as moot).  Therefore, the action will be dismissed without prejudice for lack of jurisdiction.  *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 Fed. App'x 6, 11 (6th Cir. 2018).

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket;

2. United Financial Casualty Company's motion to dismiss for failure to state a claim [**R. 9**] is **DENIED AS MOOT**; and

3. Meridian Security Insurance Company's motion for judgment on the pleadings [**R. 16**] is **DENIED AS MOOT**.

This the 3d day of March, 2023.

Gregory F. Van Tatenhove
United States District Judge

6